**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **MATTHEW B. UMSTEAD**, *et al.*, | ) | **CASE NO. 1:25 CV 1051** |
| | ) | |
| Plaintiffs, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **KELLY ROSE INSPECTOR**, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**Background and Introduction**

*Pro se* Plaintiffs Matthew Umstead and Colton Umstead (collectively, "Plaintiffs"), Ohio prisoners incarcerated in the Richland Correctional Institution,[1] have filed this civil rights action against multiple Defendants, including Inspector Kelly Rose, Warden Angela Stuff, Deputy Warden Klowachi, Unit Manager Roberts, Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, Governor Mike DeWine, John & Jane Doe Chief Inspector, Sgt. Bechlor, Mr. Renhole, and Doctor Cornell. (Doc. No. 1.)

Plaintiff's state that their action "is an emergency imminent danger lawsuit filed under 42 U.S.C. § 1983." (*Id*. at 3.) But their handwritten complaint, which is largely illegible, fails to

---

[1] According to the records of the Ohio Department of Rehabilitation and Correction, Plaintiffs were convicted of drug and other charges in Holmes County, Ohio in 2016 (Matthew Umstead) and 2024 (Colton Umstead).

set forth cogent specific allegations or legal claims against each Defendant. Instead, their complaint consists of a conclusory and incomprehensible amalgam of unexplained grievances and purported civil rights violations, unconnected cogent underlying factual allegations against the various Defendants. They simply state in their complaint that "each Defendant works under color of state & federal laws yet acted outside the scope of their jobs to clearly violate Mr. Umstead & Mr. Umstead's constitutional civil rights" and to commit "criminal crimes violations" by: (1) acting "deliberately with indifference"; (2) "set[ting Matthew Umstead] up with drugs to cover up"; (3) "attempts to murder hired hit man to do so and gave money and information"; (4) committing "a corrupt pattern of criminal activity"; (5) "racketeered [illegible]"; (6) "conspiracy"; (7) "complicity"; (8) denial of right "to be free from cruel and unusual punishment"; (9) "denial of access to court"; (10) "deni[al of] due process"; (11) "deni[al of] equal protection of laws"; (12) "fail[ure] to protect"; (13) failure to "abate all the civil rights and criminal violations"; (14) "refus[al] of proper medical care and treatment"; (15) "harass[ment]"; (16) "retaliat[ing] against us by setting me up" ; (17) denial of "hygiene [and] unsanitary conditions"; and (18) other "inhumane" conditions. (*Id*. at 3-4.)

Other than this unclear numbered litany of conclusory grievances and claims, Plaintiffs contend in their complaint, also in purely conclusory and unclear terms, that Matthew Unstead was wrongly charged and sanctioned with possession of drugs after drugs were found in his bunk area, that he was denied a lower bunk restriction despite having a medical pass, and that "they payed [sic]" a group to assault and kill him and made him apologize to a sergeant and case worker. (*Id*. at 4-5.)

Plaintiffs seek damages and an emergency investigation. They have also filed an

"Emergency Motion to Expedite" and for a "TPO and TRO's." (Doc. No. 3.)

**Standard of Review and Discussion**

Because Plaintiffs are proceeding *in forma pauperis* and seek redress from governmental defendants, their complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require district courts to screen all *in forma pauperis* complaints, and any complaint in which a prisoner seeks redress from governmental defendants, filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2] *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To survive a dismissal for failure to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§ 1915(e) and 1915A). Detailed factual allegations are not required, but the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted

---

[2] The Court notes that only Plaintiff Colton Umstead filed a motion to proceed *in forma pauperis*, which motion has been granted by separate order. Although Plaintiff Matthew Umstead is not entitled to proceed *in forma pauperis*, the complaint is nonetheless subject to screening and dismissal under § 1915A to the extent it is brought by him.

by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

The Court finds that Plaintiffs' complaint warrants *sua sponte* dismissal pursuant to §§ 1915(e) and 1915A.  Even liberally construed, the statements and allegations set forth in their complaint are so unclear, convoluted, and conclusory that they fail to meet basic federal pleading requirements necessary to state a claim in federal court or to give Defendants fair notice of the basis of their claims.  And their pleadings, even liberally construed, fail to raise a right to relief, on any federal civil rights claim on behalf of either of them against any Defendant, above a speculative level.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012), quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)("damage claims against government officials arising from alleged violations of constitutional rights must allege,

with particularity, facts that demonstrate what each defendant did . . . "). In addition, supervisory officials and employees cannot be held liable under § 1983 solely on the basis of *respondeat superior* or denying a prisoner's administrative grievance. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of cogent specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Plaintiffs' complaint fails to clearly allege what specific federal rights violations they allege against each Defendant, or cogent facts plausibly suggesting that each Defendant engaged in conduct that violated their rights.

Plaintiffs has also failed to demonstrate entitlement to emergency injunctive relief. A temporary restraining order is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to issue a temporary restraining order is within the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, courts consider four factors: (1) whether the movant has shown a

strong or substantial likelihood of success on the merits and (2) that he would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.  *Id.* at 1396.  The Court does not find these factors warrant issuing any kind of temporary or injunctive relief in the case.  As discussed above, Plaintiffs have not demonstrated a likelihood of success on the merits on any federal civil rights claim against any Defendant.  Nor have they demonstrated in their pleadings that they are entitled to emergency injunctive relief.

### Conclusion

Accordingly, Plaintiffs' complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and their "Emergency Motion to Expedite" and for a "TPO and TRO's" (Doc. No. 3) is denied.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          /s/ Dan Aaron Polster    5/23/2025
                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE